# JOHN WARNER *et al.*

*v.*

# ROBERT R. CRANDALL.

1. EVIDENCE—*irrelevancy—instruction to exclude.* A, B and C had been in partnership in a certain business, when it was agreed that D should go into the business on a trial of three months, and if he then liked it, he would buy in permanently, and become a partner, and A would go out, but if he did not so decide, then the old firm was to continue as before. During this three months A did certain work under a contract made by him with B, A testifying that the agreement was, that if D should determine to go into the business, B and D would pay him for the work, B testifying that B and C were to pay him. On the trial of the suit of A against B and D, A testified further to his business dealings with the old firm, showing that he had not been fairly dealt with by B and C, who had formerly been conducting the business: *Held,* that this latter testimony was irrelevant to the issue, and that the court below erred in refusing to instruct the jury to disregard it.

2. INSTRUCTION—*should not submit question on probabilities.* On the trial of a cause where it became a material question whether the defendants, or one of the defendants and another, was to pay for the work and labor of the plaintiff, the evidence being conflicting as to this, the court instructed the jury that if they considered it more probable, from all the facts and circumstances as shown by the evidence, that the contract was that the work was to be paid for by the defendants, then they should so find: *Held,* that the instruction was objectionable, as leaving the jury to speculate upon probabilities, when they ought to have been satisfied by the greater weight of evidence.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. J. I. TAYLOR, for the appellants.

Mr. S. M. KNOX, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by Crandall against Warner & Edwards, to recover for work and labor. The principal question was, whether Warner & Edwards or Edwards & Wood were liable to pay for the services.

196      WARNER *et al. v.* CRANDALL.      [Sept. T.,

Opinion of the Court.

Edwards, Crandall & Wood, as partners, had been running a paint mill until the 1st of July, 1870, when there was an effort to bring Warner into the concern, and it was arranged that he would go into the business for three months, until the 1st of October, on trial, and if he then liked it, he would buy in permanently, and become a partner with Edwards, when Crandall would go out; but if Warner then decided not to go into the business, then the old firm of Edwards, Crandall & Wood was to continue as before.

Warner did buy in permanently at the end of the three months.

The work sued for was that of Crandall, performed in the business of the mill, during that three months.

The agreement in regard to the labor was made between Crandall and Edwards—Crandall testifying, on the trial, that the agreement was that if, at the end of the three months, Warner should go into the business permanently, then Warner and Edwards should pay him for said work, and Edwards testifying the agreement was, that Edwards and Wood would pay for the work.

On the trial Crandall gave testimony that he put into the firm of Edwards, Crandall & Wood $1500; that Edwards & Wood, who had been previously carrying on the business, represented that it was a good paying business; that he soon found, after entering into the firm and paying his money, that the business was not paying, and that they were sinking money, and that it was agreed between him and Edwards that he (Crandall) should have the money back that he had put in; that he did not get his money, but had to take the notes of Edwards & Wood; that they had not paid the notes yet, and that they were both insolvent.

To avoid the effect of this testimony, the defendants asked this instruction:

"That the matters of account and business between the plaintiff and Edwards & Wood have nothing to do with this

suit; and whether the plaintiff was fairly or unfairly dealt with by Edwards & Wood are mattters that the jury should exclude from their consideration in considering their verdict in this cause."

The court refused to give the instruction. The testimony was irrelevant to the issue, and should have been excluded from the consideration of the jury. It was well calculated to prejudice the minds of the jury against Edwards, and incline them in favor of Crandall; and it was the right of Warner & Edwards to have the jury cautioned against its effect.

The last clause of the third instruction given for the plaintiff, to-wit: "and if the jury consider it more probable, from all the facts and circumstances as shown by the evidence, that the contract was that such work was to be paid for by Warner & Edwards, then the jury should so find," was also objectionable.

The jury should not have been left at liberty to speculate on probabilities, but should have been satisfied by the greater weight of evidence that Warner & Edwards, and not Edwards & Wood, were to pay for the work in question.

The judgment is reversed and the cause remanded.

*Judgment reversed.*