JOHN H. HERRICK

*v.*

JUDE P. GARY.

1. DISEASED SHEEP—*liability of owner for communicating disease.* The owner of sheep infected with a contagious disease, which is known to him, who suffers the same to escape from his pasture into the premises of another, through a defect in his part of a division fence, which he neglects to keep in repair, is liable in an action, under the statute, to such adjoining owner for all damages he may sustain by having such disease communicated to his sheep.

2. The fact that one of plaintiff's sheep communicated the disease to defendant's flock of sheep, will not exonerate the latter from liability to the former, if he thereafter permits his flock to run where it can do injury to the plaintiff.

3. The owner of sheep, who, knowing them to be infected with disease, suffers them to run at large, is liable for all damages occasioned thereby to sheep of others, whether their owners apply or do not apply the proper treatment. The doctrine of contributory negligence has no application in such a case.

4. EVIDENCE—*rebutting.* In an action on the case, to recover damage for communicating an infectious disease to plaintiff's sheep, where the defendant proves by witnesses that they had cured sheep of the disease, by a certain treatment, it is error for the court to refuse to allow the plaintiff to show, by other witnesses, that they had tried the same prescription without success.

5. So, where, in such action, the defendant introduces testimony that plaintiff's sheep were seen running at large prior to their infection, to induce a belief they were infected while so running at large, the court should not refuse to allow the plaintiff to show that the sheep so seen at large were not his flock.

6. SAME—*degree of proof required.* It is not necessary to a recovery, in a civil suit, that the evidence shall produce a belief in the minds of the jury so strong as to be satisfactory. It is sufficient if they believe from the evidence, though it may not be entirely satisfactory.

7. INSTRUCTION—*without evidence to support.* Every instruction, unless it be upon an abstract proposition of law, must have some evidence on which to be based, otherwise its tendency is to mislead.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. CHARLES WHEATON, for the appellant.

Messrs. E. H. & N. E. GARY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was case, in the Du Page circuit court, brought by John H. Herrick, plaintiff, and against Jude P. Gary, defendant, and the venue changed to the county of De Kalb. The declaration contained four counts, the first three counts substantially the same, each alleging the plaintiff's possession of five hundred sheep, of value, etc.; that his farm adjoined the farm of the defendant, whose duty it was to keep up his half of the division fence; that plaintiff kept up his half, but defendant suffered his half to remain down, so that free access could be

had by sheep from defendant's premises to the premises of the plaintiff; that defendant, well knowing the premises, was the owner of a large number of sheep affected with a contagious disease known as " scab," and with another contagious disease known as " foot-rot; " and defendant, knowing his sheep were so affected, kept them upon his field so adjoining the field of plaintiff where plaintiff kept his sheep, and where the division fence was down, so that they had access to plaintiff's sheep, whereby the sheep of plaintiff became affected by the defendant's diseased sheep—the defendant knowing the fence was down, and, after request by plaintiff to put it up, defendant kept his sheep, so affected, in the place where they might and did have access to the sheep of plaintiff, whereby plaintiff's sheep became affected by the diseased sheep of defendant, contrary to the statute, etc., and sickened and died, and plaintiff was put to great expense in caring for them.    The fourth count is at common law.

There was a plea of not guilty, and a trial by jury, resulting in a verdict for the defendant.    On new trial granted on appeal to this court, a second verdict was rendered for the defendant, and, a motion for a new trial being refused, judgment was rendered on the verdict against the plaintiff, to reverse which he again appeals.

The first three counts are based upon the act of the General Assembly of February 16, 1865, entitled "An act to punish persons for bringing diseased sheep into the State, and for suffering diseased sheep to run at large."

Section 2 of this act provides, if any person shall suffer to run at large, or keep in any place where other creatures can have access to and become infected, any sheep that is known to the owner, or person having the care and possession, to be affected with any contagious disease, shall be liable to pay all damages, etc.    Sess. Laws, 1865, p. 126.

There is no real controversy about the leading facts, the proof sustaining all the material allegations in the several counts of the declaration.    As this court said, when the case was first before us, there is no doubt, from the testimony, that

appellee's sheep were suffering from a contagious disease known as the "scab;" that they were in a pasture on his farm; that his portion of the fence between the pasture and the adjoining lot of appellant, where he kept his sheep, was not in good condition, and that his sheep became diseased, many of them dying, and that several of appellee's sheep were in appellant's flock before the disease appeared in that flock.

It is satisfactorily established that appellee's flock of sheep had the scab from 1867 up to and including the spring of 1869, and the conclusion is irresistible that appellant's flock was infected by them, and by reason of appellee's negligence in keeping his diseased sheep as he did.

There is some controversy as to the rulings of the court upon the offer by appellant of rebutting testimony, in which we are inclined to think the court erred. Appellee had shown by several witnesses that they had cured sheep of the scab by dipping them in a decoction of tobacco. Appellant then offered to show by other witnesses that they had tried this prescription without success. It was claimed that appellant's damage was occasioned by his failure to treat his sheep properly. If, then, it was competent to show dipping them in tobacco water was an efficacious remedy, by the testimony of those who had tried it, and who were permitted to give their opinions thereon, it was equally competent to rebut such pretension by other testimony, and such testimony should have been admitted.

So, the rebutting testimony offered by appellant, in respect to the fact of his sheep being seen running at large in the summer of 1867 and 1868, and in the spring of 1869, the object of which was to induce a belief on the part of the jury that the sheep got the disease elsewhere, and not from appellee's flock, it was competent for appellant to show they were the sheep of another person, and not his. The identity of the sheep was an important fact, and open to full inquiry.

But, waiving consideration of these matters, we will examine the principal grounds of complaint on the part of appellant, and they arise on the instructions given for appellee.

The instructions for appellee were four in number. The first is as follows:

"In order to recover in this case, the plaintiff must show, by the evidence in the case, to the satisfaction of the jury, that the defendant's sheep not only might, but actually did communicate the disease or diseases in question to plaintiff's sheep, and if the fair preponderance of the evidence fails to establish such facts, or show that it is probable that plaintiff's sheep became elsewhere infected, or that it was as likely they caught the disease elsewhere as from the defendant's sheep, or from his father's sheep, which had been first infected by the defendant's sheep, then the jury should find the defendant not guilty."

The objection to this instruction is manifest. The first branch of it places the standard of the degree of proof required higher than the law demands in controversies of this character. It is enough that the jury shall believe, from the evidence, that the essential facts are true. The jury may so believe, although the same may not be shown by the evidence to the satisfaction of the jury. This instruction requires not merely that the evidence shall produce belief in the mind of the jury of the facts alleged, but that such belief shall be so strong as to be satisfactory. This is, perhaps, not quite so strong as to require a belief beyond a reasonable doubt, but it approximates it, and which is only required in criminal cases. The mind can not well be said to be satisfied as to a given proposition, so long as such matter remains at all in doubt. For this reason, the instruction must be condemned. There are subsequent phrases in the instruction which do not seem to demand a degree of proof so high, but the phraseology is not clear and plain, and, as a whole, the instruction was liable to mislead the jury. An instruction similar to this was held bad in *Warner et al.* v. *Crandall,* 65 Ill. 195.

The second instruction was this:

"If the jury believe, from the evidence, that the defendant's sheep originally caught the disease in question, without fault

on his part, from the sheep of the plaintiff, or from sheep that were under his control or management, or from sheep put into the defendant's flock by the plaintiff, and afterwards the defendant's sheep communicated the same disease so caught as aforesaid to the rest of the sheep, or flock of sheep, of the plaintiff, from which many of them died, then the plaintiff can not recover for such damages, and the jury should so find for the defendant."

In our examination of the record, we find no testimony on which to base one part, and an important part, of this instruction, and that is this: "or from sheep put into defendant's flock by the plaintiff." It is unnecessary to refer to the decisions of this court holding that every instruction, unless it be one on an abstract proposition of law, must have evidence on which to found it. It is not only unfair, but tends to mislead. We cite a few cases on this point: *Gibson* v. *Webster*, 44 Ill. 483; *Bullock* v. *Narrott*, 49 ib. 62; *Bailey* v. *Godfrey*, 54 ib. 507. The only pretense for this instruction was the fact that, in 1867, the defendant's sheep being then diseased, one of plaintiff's sheep, by accident, strayed into the flock, and, having the scab, the plaintiff did not remove it, but suffered it to remain with defendant's scabby sheep. It is absurd to raise on this fact such an hypothesis as is found in this instruction. But if it was true this one sheep communicated disease to defendant's flock, he was guilty, under the statute, in permitting his flock thereafter to run where they could do injury to others. The entire instruction is objectionable.

The third and fourth instructions will be considered together. They are as follows:

"Even if the jury believe, from the evidence, that the plaintiff's sheep took the disease from the diseased sheep of the defendant, through his (the defendant's) carelessness or improper keeping of the same, and of which disease many of the plaintiff's sheep died, still he was bound, in such case, to use and exercise ordinary care and diligence in the taking care of and properly doctoring, with an endeavor to heal and cure

such diseased sheep, and he can only recover, in any event, such damage in this case as would have accrued after such proper care and diligence, and proper treatment by the plaintiff, and he can not recover for any damages he may have sustained on account of his own negligence or inattention in not properly taking care of, treating and doctoring his said diseased sheep.

"In this case the plaintiff can not recover for any damage which is the result of his own negligence, or want of proper care and attention, in properly taking care of, treating and doctoring his diseased sheep."

The material objection to these instructions is, in the use of the words, "properly doctoring," and "properly taking care of, treating and doctoring." What is proper care and proper doctoring, in this connection? These instructions substantially told the jury that an owner of a flock of sheep was bound to know the proper treatment to give them if they became diseased, and to apply such treatment. There is no requirement of this nature in the statute under which this action is brought. The owner of diseased sheep, permitting them to run at large, is liable for all damages occasioned thereby to other sheep, whether their owner knows or does not know, applies or fails to apply, the proper treatment. The doctrine of contributory negligence can not properly be invoked here. It is sufficient for him to bring his case within the terms and meaning of the statute.

We do not think the vice of these instructions is cured by anything contained in the seventh instruction for plaintiff. or if it was, those given for the defendant, being last in order, would make the greatest impression on the mind of the jury; and, as they are inconsistent with the seventh, the jury would be likely to place the most reliance on the last. They are not cured by the seventh. Besides, these instructions should have been so modified as to inform the jury the plaintiff was entitled to recover for his trouble and charges in treating the sheep. To this, clearly, he was entitled.

We think appellant has brought his case within the provisions of the statute, and we are of opinion the law of the case was not properly given to the jury by the court, and there is error in this respect in the record, and for the error the judgment must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

Mr. JUSTICE SCOTT dissents.