# CASES

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—JUNE TERM, 1879.

## THE OTTAWA, OSWEGO & FOX RIVER VALLEY RAILROAD COMPANY

v.

## SAMUEL McMATH.

1. PRACTICE—MOTION FOR NEW TRIAL—POINTS IN WRITING.—In order to entitle a party moving for new trial, to be heard in the Appellate Court on the question of whether the verdict was contrary to the evidence, or to have this court consider the action of the court below in overruling a motion for new trial, it is not necessary that he should file in the Circuit Court points in writing particularly specifying the grounds of his motion, and preserve the same in a bill of exceptions. The Court below, or the opposite party, may require such points to be made in writing, but no objection being made, it will be considered as waived.

2. INSTRUCTION.—An instruction to the effect that if the paper was signed by W., partner in the milling business, and the act was not within the scope of the partnership, and without appellee's authority, the jury should find for appellee, unless it should appear to the *satisfaction* of the jury that appellee had ratified the act of W. etc., is erroneous, because it leaves the jury at liberty to set up a higher standard than a mere preponderance of the evidence, which was all the law required.

3. ERRONEOUS INSTRUCTION NOT CURED BY CORRECT ONE.—It is no answer to such an instruction, that other instructions gave the law correctly; each instruction should be correct in itself.

(356)

APPEAL from the Circuit Court of LaSalle county; The Hon. E. S. LELAND, Judge, presiding. Opinion filed November 1, 1879.

Mr. E. N. LEWIS and Mr. H. T. GILBERT, for appellant; that the acts of appellee constitute a ratification, cited Williams v. Merritt, 23 Ill. 623.

Appellee's ignorance of the law will not excuse him: Shaper v. Davis, 13 Ill. 395; Campbell v. Carter, 14 Ill. 286.

The execution and delivery of the note to appellant creates a strong presumption of its validity, which should not be overturned except by clear and positive proof: Reed v. Douthit, 62 Ill. 348.

The instruction that it must appear to the "satisfaction" of the jury is erroneous: Herrick v. Gary, 83 Ill. 85.

Mr. D. P. JONES, for appellee; that appellee is not estopped by his acts to deny the validity of the note, cited The People v. Brown, 67 Ill. 435; Bigelow on Estoppel, 437.

Generally as to estoppel: Davidson v. Young, 38 Ill. 146; Preble v. Conger, 66 Ill. 370; Smith v. Newton, 38 Ill. 230; Hefner v. Vandolah, 62 Ill. 483; Wilcox v. Howell, 44 N..Y. 401; Bigelow on Estoppel 450; Flower v. Elwood 66 Ill. 438.

Representations made under a mistake of the law do not estop the party making them: Charleston v. Co. Com'rs, 109 Mass. 270.

LACEY, J. This cause was before this court at the December term, 1877, at which time the court affirmed the judgment of the court below, but declined to investigate or decide the questions raised by the 4th and 5th assignment of errors as assigned in this court, for the reason that the bill of exceptions did not show the plaintiff had filed in the Circuit Court any points in writing particularly specifying the grounds of its motion for a new trial. Said assignment of errors were that the Circuit Court overruled the motion for a new trial, and the verdict of the jury was manifestly against the law and the evidence. 1 Bradwell, 429.

The cause was appealed from this court to the Supreme Court, in which court the judgment of the Appellate Court affirming the said judgment was reversed, and the cause remanded, with the direction to this court to examine the record in this cause, and decide whether there are any errors therein, under either the 4th or 5th assignment of errors, as heretofore assigned in the Appellate Court, for which the Circuit Court of LaSalle county should have granted a new trial; and if there were such errors, to reverse the judgment of the Circuit Court and remand the cause, with direction to award a *venire facias de novo.*

The Supreme Court having construed Sec. 57, Chap. 110 R. S. 1874, which provides, "if either party may wish to except to the verdict, or for other cause to move for a new trial, he shall, before final judgment be entered, or during the term it is entered, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and such final judgment shall thereupon be stayed until such motion can be heard by the court," to mean that it shall not be necessary on the part of the party moving for a new trial, in order to entitle him to be heard in the Appellate Court on the question of whether the verdict was sustained by the evidence, or to have the court consider the matter of the court below overruling the motion for a new trial, that he shall file his points in writing, particularly specifying the grounds of his motion and preserve the same in a bill of exceptions; that the court below or the opposite party may require such points in writing to be filed, but the opposite party may, the court not objecting, waive the right, and unless objection is made, it will be considered waived; that if motion is made and overruled and exception taken, and all preserved in a bill of exceptions, it will be sufficient to entitle the party to a hearing on such motion, in the appellate court. (See opinion in this cause filed Sept. 17, 1879, in clerk's office, Supreme Court Ottawa.)

In obedience to the said order of reversal, we have carefully considered the said 4th and 5th assignment of errors, and proceed to state our conclusions.

And first, as to whether the evidence supports the verdict.

The cause of action was an alleged subscription on the part of appellee, McMath, to the appellant's capital stock for $1,000, with various conditions attached, which it is not necessary to notice, dated Oct. 1st, 1867.   Plea of general issue sworn to.

The verdict and judgment was for appellee.

The questions raised in the evidence in the court below on the trial were, first, did appellee authorize his partner in the mill business to sign the firm name, McMath & Whitfield, to the subscription?   This is affirmed on part of appellant, and denied on the part of appellee, who swears and contends that the firm name was signed to the paper by Whitfield without his authority, and therefore he is not bound by it.   Secondly, it is contended on the one part, and denied on the other, that even if the firm name was first signed without authority, the appellee, McMath, subsequently ratified the act of Whitfield in signing the firm name.

Much evidence was given on both points, and after a careful consideration we have come to the conclusion that the verdict is so manifestly against the weight of the evidence that it was error in the court below not to have granted a new trial.   But for the reason that the cause may be submitted to another jury, we refrain from discussing the evidence.

The second instruction given by the court below, on the part of appellee, was calculated to, and may have misled the jury. It was to the effect, if the paper was signed by Whitfield, partner in the milling business, and the act was not within the scope of the partnership and without appellee's authority, then the jury should find for appellee, unless it should appear from the evidence to the satisfaction of the jury that appellee, with the knowledge that Whitfield had signed the firm name to the contract, ratified the act of said Whitfield.

This instruction left it entirely within the discretion of the jury to say what degree of evidence it required to satisfy them. They were at liberty to set up a higher standard than a mere preponderance of the evidence, which was all the law required. It is no answer to such objection that other instructions gave the law correctly.   Each instruction should be correct in itself.   The jury should not be left at liberty to select such an

instruction as might suit them best, and take it as the law ; there should be left no room to doubt.

The judgment of the court below is, therefore, reversed and the cause remanded.

Reversed and remanded.