Buchman v. Dodds.

---

## ALEXANDER BUCHMAN ET AL.

### v.

## RICHARD P. DODDS.

1. ATTACHMENT—QUASHING WRIT—JUDGMENT.—In attachment, where the facts stated in the affidavit are traversed by the defendant, and upon issue joined thereon there is a finding for the defendant, the writ of attachment should be quashed with costs, and the cause should proceed to final judgment as though commenced by summons. It is error upon such an issue to render judgment against the plaintiff for all costs and make a final disposition of the case.

2. INSTRUCTION AS TO EVIDENCE.—It is error to instruct the jury that they must be " satisfied " from the evidence, etc.; such instruction places the standard of proof higher than the law demands in controversies of this character.

ERROR to the Circuit Court of Saline county; the Hon. M. C. CRAWFORD, Judge, presiding. Opinion filed April 2, 1880.

Mr. H. H. HARRIS, for plaintiff in error; as to the practice in attachment, cited Rev. Stat. 1874, Chap. 2, § 27.

The instruction was erroneous: O. O. & F. R. V. R. R. Co. v. McMath, 4 Bradwell, 356; Herrick v. Gary, 83 Ill. 85.

Mr. JAMES M. GREGG and Messrs. TANNER & WILBANKS, for appellee; cited Hall v. Groufe, 52 Ill. 421; Latham v. Roach, 72 Ill. 179; Rev. Stat. Chap. 2, § 27.

WALL, J.   Buchman & Co., the plaintiffs in error, sued out a writ of attachment against Richard P. Dodds, the defendant in error.   The affidavit charged that the defendant was indebted to the plaintiffs upon certain promissory notes in the sum of $737.65, and that he had fraudulently conveyed his property within two years, etc.   The writ of attachment was served by levying upon a certain town lot as the property of the defendant, by summoning certain persons as garnishees, and by reading to the defendant.   The plaintiffs declared in assumpsit.   The defendant filed a sworn plea, traversing the fraud charged in the affidavit, and the issue being submitted to a jury was found for the defendant.   A motion for a new trial was overruled, and judgment was rendered against the plaintiffs for all costs of suit.   This was error.   Sec. 27, Chap. 11, Rev. Stat., provides that in such cases if the issue shall be found for the plaintiff, the defendant may plead or demur to the action as in other cases, but if found for the defendant, the attachment shall be quashed, and the cost of the attachment shall be adjudged against the plaintiff; but the suit shall proceed to final judgment, as though commenced by summons.   The judgment was general against the plaintiff for all costs and seems to have been intended as, and was, a final disposition of the case.   The finding of the issue on this plea only disposed of the writ of attachment, and carried the cost of the attachment against the plaintiff, but the judgment went further by awarding all costs against the plaintiff, and by disposing of the suit.   The proper course was as pointed out by the statute to quash the writ of attachment, tax the cost of the attachment against the plaintiff, and proceed with the suit to final judgment as though com-

menced by summons. The plaintiffs in error insist that the court erred in instructing the jury, that before they were warranted in finding for the plaintiff upon the issue, they must be satisfied from the evidence that the defendant had fraudulently conveyed his property as alleged. Upon the authority of the cases of Herrick v. Gary, 83 Ill. 85, and Gares v. Caldwell, 90 Ill. 612; this instruction is objectionable. It places the standard of proof higher than the law demands in controversies of this character, as was said in the case first cited. It is enough that the jury shall believe from the evidence that the essential facts are true, and they may so believe though the evidence is not sufficient to produce in their minds a substantial degree of satisfaction. In this case where the purpose and motives of the defendant were prominently under discussion, we think such an instruction was calculated to mislead, and should not have been given; other errors have been assigned, but we regard them as not important, and, therefore, will not refer to them. The judgment is reversed and the cause remanded for another trial.

Reversed and remanded.