THOMAS FERNANDES

v.

DAVID E. McGINNIS.

*Landlord and Tenant—Forcible Detainer—Conflict of Evidence—Instructions.*

1. Where the evidence is conflicting great accuracy in the instructions is required.

2. In civil actions the plaintiff is not required to make out his case "to the satisfaction of the jury."

3. In an action of forcible detainer, it is *held:* That the evidence was of such a character as to require accuracy in the instructions; and that certain instructions given for the defendant were erroneous.

[Opinion filed June 14, 1887.]

IN ERROR to the County Court of Sangamon County; the Hon. J. H. MATHENY, Judge, presiding.

Messrs. BRADLEY & BRADLEY, for plaintiff in error.

Messrs. CROSS & BROADWELL and J. F. BARROW, for defendant in error.

WALL, J. This was forcible detainer brought by the plaintiff in error against the defendant in error, to recover possession of certain lands in Sangamon County containing 133 acres. The lands were conveyed by defendant in error to W. W. McGinnis, and as asserted by the latter, the defendant in error then became his tenant at the annual rental of eight per cent. on $50 per acre and the taxes.

W. W. McGinnis afterward conveyed the lands to Henry C. Latham, to whom defendant in error paid one year's rent, and with whom, as is averred by him, a verbal agreement was made for an extension of the lease for another year. Latham conveyed the lands to plaintiff in error, by whom this action was instituted after the termination of the year covered by the last or renewed lease. The case was tried by jury, resulting in a verdict for defendant in error. The court below denied a motion for new trial, and the record is presented to this court, various errors being assigned thereon.

The testimony upon the trial was given by the three persons named, W. W. McGinnis, Henry C. Latham and the defendant in error.

That of the two former strongly supported the plaintiff's theory that the relation of landlord and tenant existed first with W. W. McGinnis and next with Latham, while the defendant in error insisted that he was never a tenant of either, but was a purchaser and rightfully in possession as such.

We do not care to discuss the relative weight of the testimony further than to say that we should have been better satisfied with a different verdict. Regarding the case as it appears from the record before us, the version of the defendant in error is not so consistent with admitted facts as it should

be, and while he insists that he was in as a purchaser, he fails to give the particulars of the purchase upon which he relies.

Perhaps, however, the evidence is not so strongly against the verdict as to require us to reverse the judgment, but it can not be doubted that the case was such as to call for accuracy in the matter of instructions.

The court gave the following instructions for defendant:

·" The court instructs the jury that in order to maintain this action the plaintiff must prove to the satisfaction of the jury, that Latham was entitled to the possession March 1, 1885, or that he leased the land in controversy to the defendant from the 1st day of March, 1885, for the term of one year, ending March 1, 1886, and unless the jury believe from the evidence that there was such a lease by Latham to D. E. McGinnis, commencing March 1, 1885, and ending March 1, 1886, you must find for the defendant."

" If the jury shall believe from the evidence that the defendant was, at and before the beginning of this suit, in the possession of the premises in controversy as purchaser thereof, they will find for the defendant."

" The jury is instructed that in order to maintain this suit the plaintiff must show, to the satisfaction of the jury, that Latham leased the premises to defendant from the 1st day of March, 1885, to the 1st day of March, 1886, and if they shall believe from the evidence that there was no such lease, they will find for the defendant."

The first and third are objectionable for the reason that they require the plaintiff to make out his case by proof "to the satisfaction of the jury."

In Herrick v. Gary, 83 Ill. 85, the Supreme Court, in commenting upon an instruction containing this requirement, say that it places the standard of proof higher than the law demands in civil controversies; that it is enough that the jury shall believe from the evidence, the essential facts are true, and that they may so believe, though the same may not be shown by the evidence " to the satisfaction of the jury."
" This instruction requires not merely that the evidence shall produce belief in the minds of the jury of the facts alleged,

'ut that such belief shall be so strong as to be satisfactory. This is, perhaps, not quite so strong as to require proof beyond a reasonable doubt, but it approximates it. The mind can not well be satisfied as to a given proposition so long as such matter remains at all in doubt. For this reason the instruction must be condemned."

In the case of Graves v. Colwell, 90 Ill. 612, a similar view was expressed. See also Buchman v. Dodds, 6 Ill. App. 25. In each of the cases cited it was held that the error was substantial and calculated to affect injuriously the rights of the party complaining. We must so hold in the present case.

The second instruction is objected to, and while it is somewhat vague and indefinite, yet, when taken in connection with others given involving the point as to whether the relation of landlord and tenant existed between the parties, we are not prepared to say the jury were misled by it.

For the error indicated in the first and third instructions for defendant the judgment will be reversed and the cause remanded.

*Reversed and remanded.*