# LUCY M. C. ROLFE
## v.
# ARTHUR D. RICH.

*Attorney and Client—Recovery of Fees—Evidence—Instructions.*

1. The law looks most scrutinizingly into all contracts between an attorney and his clients, but it does not prohibit them or hold them to be void *ab origine.*

2. A court is under no duty to amend an instruction prepared and offered by either party to a given suit.

3. Where instructions, though erroneous, do no injury, a judgment should not be disturbed.

4. An instruction which requires a higher degree of belief in the minds of the jury than the law demands is bad. The use of the word " satisfaction " in an instruction as expressive of the degree of belief required to be produced in the minds of the jury is erroneous. To require that the proof create " satisfaction " in the minds of the jury, approximates the requirement that the belief produced by the evidence shall be beyond a reasonable doubt.

5. In an action involving items for legal services and money advanced on the one side, and for money, loans, services and goods, by way of set-off, on the other, this court declines, in view of the evidence, to disturb the judgment for the plaintiff.

[Opinion filed November 19, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. WILL B. MOAK, for appellant.

Mr. EDWARD MAHER, for appellee.

MR. JUSTICE SHEPARD. This was an action in assumpsit and involved the consideration of many items for legal services and money advanced, on the one side, and for money, loans, services and goods, by way of set-off, on the other side. Included in the claim of appellee was, also, an

Rolfe v. Rich.

item for a profit made in a purchase and sale of certain real estate. The jury passed upon all these matters, and, from the evidence, we are unable to say they did not come to a correct result.

We have, therefore, considered that if the law governing the questions involved was fairly and correctly submitted to the jury, their verdict should not be disturbed.

Both parties agree in their statement of the figures adopted, and the items of set-off allowed by the jury. One of the main subjects of controversy was whether appellee was entitled to be allowed $300, that sum being one-half of a profit of $600 made by buying and selling a certain lot of land.

Appellee was a practicing lawyer, and was the attorney of the appellant in proceedings to settle her husband's estate. There were certain heirs to the estate who resided in the State of Maine, and who were represented by legal counsel in this county, where the estate was situated. Their claim against the estate was agreed to be settled by the payment of $4,000 in money, and the conveyance of a lot of land situated upon Cottage Grove avenue, to which appellant held the title under the will of her husband.

The $4,000 was paid, and the lot was conveyed by appellant to the resident attorney of the Maine heirs, and the settlement effectuated.

Within a few days after the settlement was made, the attorney of the Maine heirs, to whom the lot had been conveyed by appellant, offered to sell the lot to appellee for $2,500. Appellee spoke to appellant about repurchasing the lot, and although their testimony does not accord as to what was said, the lot was in fact repurchased and conveyed back to the appellant, the appellee paying the sum of $2,500 for the reconveyance. A short time afterward appellee sold the lot for $3,100, appellant making conveyance to the new purchaser and receiving $3,000 in money for it. One hundred dollars, as earnest money, had been paid by the purchaser to appellant at the time of making the contract.

The jury allowed appellee one-half of the profit made in the transaction. It would serve no useful purpose to repeat the testimony of the two parties on the subject of the lot transaction. On the one side it was claimed that the agreement between them was that in consideration of appellee advancing the purchase price of $2,500, he should have half of the profits; and on the other hand, the claim was that appellant alone should receive the profit, and furthermore, that because of the relations of attorney and client and of other peculiar relations of trust and confidence existing between the parties, appellee was not entitled to share in the profits of that transaction.

Our view is that at the time of the transaction and under its circumstances, appellee was not prohibited from dealing in the property in connection with his client, and if there was no actual dishonesty or unfairness on his part, either in the use that was made of the lot in the settlement, or in its later repurchase and resale, he might justly claim a share in the profits, provided it was agreed between them that he should so share. All of these questions of fact were submitted to the jury under the evidence, and we think the law in relation thereto was well laid down to them in the plaintiff's instructions.

The mere fact that appellant supposed that when she conveyed the lot for the purpose of effecting a settlement with the Maine heirs, she was conveying it to them and not to their attorney, or that she was conveying it as an equivalent for a particular sum of money, is not to her advantage. Her own testimony is absolute that she knew she was to give the lot and $4,000 in money in full settlement, and was satisfied to do so. Whether she conveyed to the heirs or to their attorney or whether they or their attorney sold back the lot for a less sum than its value, is not for her to find fault about if the heirs were satisfied.

It is contended that the refusal by the court to give defendant's first instruction was error. We think it was correctly refused. The instruction was altogether too broad in stating the effect of relationship between attorney and

Rolfe v. Rich.

client, and entirely eliminates the question of good faith agreements between attorney and client. The law looks most scrutinizingly into all contracts between an attorney and his clients, but it does not prohibit them or hold them to be void *ab origine.*

Counsel concedes that defendant's second instruction is bad, but argues that it was the duty of the court to have amended it so as to have made it conform to the rulings of the court and the facts. This court in Ames & Frost Co. v. Stachurski, 46 Ill. App. 310, following Vanlandingham v. Huston, 4 Gilm. 125, held that the trial court was under no duty to amend an instruction prepared and offered by either party to the suit.

Appellant finds ground of error in the amendment inserted by the court in this third instruction, whereby the jury were told : " And if the jury further believe from the evidence that the items of set-off claimed by the defendant, Mrs. Rolfe, exceed in amount the sum claimed by the plaintiff, then the jury shall find a verdict for such sum as [the evidence shows to your satisfaction that she has proved herself entitled to recover from the plaintiff over and above his just claim against her]."

The instruction as asked was the same as that given, down to the words included within the brackets, and instead of those words, the words " the set-off exceeds the claim of plaintiff " were in the original. The quoted words were struck out by the judge, and the words included within the brackets substituted, and, so amended, the instruction was given.

An instruction which requires a higher degree of belief in the minds of the jury than the law demands is bad. The authorities in this State are unanimous and numerous, that " satisfaction," when employed in an instruction as expressive of the degree of belief required to be produced in the minds of the jury, is erroneous.

The decisions are to the effect that to require the proof to create " satisfaction " in the minds of the jury approximates the requirement that the belief produced by the evidence

shall be beyond a reasonable doubt, because the mind can scarcely be said to be satisfied so long as doubt remains, and that in civil cases no higher standard of belief is required than that it shall arise from a mere preponderance of the evidence. Warner v. Crandall, 65 Ill. 195; Herrick v. Gray, 83 Ill. 85; Fagan v. City of Chicago, 84 Ill. 227; Graves v. Colwell, 90 Ill. 612; Shugart v. Halliday, 2 Ill. App. 45; O. O. & F. R. R. Co. v. McMath, 4 Ill. App. 356; Buchman v. Dodds, 6 Ill. App. 25.

Mr. Justice Lacey, in O. O. & F. R. R. Co. v. McMath, *supra*, states very concisely, that the instruction in that case requiring the jury to find for appellee, "unless it should appear from the evidence to the satisfaction of the jury, * * * left it entirely within the discretion of the jury to say what degree of evidence it required to satisfy them."

But while such is the law, and therefore the instruction as amended was technically objectionable, we are unable to see that any injury was done the appellant.

The earlier part of the instruction was clear in pointing out the duty of the jury to deduct from appellee's claim all such items claimed by appellant as a set-off, as they believed from the evidence had been proven.

The part of the instruction wherein the word "satisfaction" was used, applied only to the excess of the set-off over plaintiff's claim for which a verdict should be given, and it clearly appears that there was no such excess to be acted upon by the jury. Under the first part of the instruction the jury had been unable to find, as proven, enough items of set-off to extinguish appellee's claim. That the jury considered the claim of set-off is apparent from the fact that they allowed several of its items, and deducted them from appellee's claim.

We therefore think, under settled rules applicable to cases where instructions, though erroneous, do no injury, the judgment should not be disturbed.

It will accordingly be affirmed.

*Judgment affirmed.*