## S. S. Boon v. The Estate of Edmund Bliss, Deceased.

1. Payments—*Burden of Proving.*—The burden of proving a payment is upon the party claiming it, and he is required to do so by the preponderance of the evidence.

2. Instructions—*Allowing the Jury to Speculate upon Probabilities.*—In the trial of a claim against the estate of a deceased person for services rendered, where the defense of payment is urged, an instruction stating that "while it is true that the burden of proving payment is upon the defense to establish the fact, still that does not mean that the defense is required to specifically prove the items or amounts of any or all such payments—it is sufficient, if from all the evidence the jury believe it is more probable that such payments were made than that they were not made," is erroneous and should not be given.

3. Same—*Inferences Outside of the Evidence.*—On the trial of a claim against the estate of a deceased person for services rendered by the claimant, an instruction telling the jury that they must be governed by the evidence of witnesses and facts and circumstances proven on the trial, and that on the one hand they might infer from the evidence that more work was done by the claimant than was specifically proven by witnesses who saw him do it, so on the other hand they might infer from the evidence that more payments were made by the deceased than the testimony of witnesses specifically proves to have been made, is manifestly improper, as from it the jury might easily have been led to believe that they were not limited by the proof as to the work done or payments made.

**Claim in Probate.**—Appeal from the Circuit Court of DeKalb County; the Hon. Charles A. Bishop, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 15, 1901.

W. C. DeWolf and Thomas M. Cliffe, attorneys for appellant.

Carnes & Dunton and Jas. N. Finnegan, attorneys for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This proceeding is based upon a claim filed by appellant in the County Court of DeKalb County, February 1, 1901, against the estate of Edmund Bliss, deceased.

Edmund Bliss died October 23, 1900, and the itemized

statement of account shows that the claim was for " work, care, nursing, attention, labor performed and services rendered " to said Bliss and his wife from October 1, 1895, to December 26, 1897, and for like services rendered Bliss alone from said last named date until his death. Appellant's charges for said services amount to $2,400, but he gave credit for $105 cash paid at various times, leaving a balance claimed to be due him of $2,295. There was a verdict and judgment in the County. Court in favor of appellant for $825, from which both parties appealed to the Circuit Court. The trial in that court resulted in a verdict in favor of appellant for $350, for which amount, a motion for a new trial having been overruled, judgment was entered. From that judgment Boon appealed to this court.

Appellant insists that the judgment in this case should be reversed for the reason, as alleged, that the verdict was contrary to the evidence, and because the court refused to admit proper evidence offered on behalf of appellant and gave improper instructions on behalf of appellee.

Deceased, Edmund Bliss, for some years prior to his death, lived in the village of Kirkland, DeKalb county, having formerly lived on a farm near that place. His family, during a greater portion of the time covered by the bill in question, consisted of his wife and himself. Appellant, who was a near neighbor, frequently performed services for Mr. Bliss during the last five years of his life. During this time Mr. Bliss paid appellant .$105. It is claimed on behalf of the estate that the services performed by appellant were neighborly acts, for which he never intended to charge, and that if they were not gratuitous, appellant had been paid in full the value of his services. That services were performed by appellant for deceased was unquestioned, but as to whether or not they were gratuitous, and if not, the value of the same, were questions upon which there was a sharp conflict of the evidence. Upon these questions we express no opinion, as for other reasons the case must go back to the Circuit Court for another trial.

Boon v. Estate of Edmund Bliss.

On the trial appellant offered in evidence the files of the County Court of DeKalb County in the matter of the estate of Edmund Bliss, deceased, including his last will and testament, but upon objection of counsel for appellee, the court refused to admit the same in evidence. We can not agree to the claim of appellant that these papers, especially the will, would have been material in determining either the value of the services rendered by appellant, or whether or not they were gratuitous. We are of opinion that the papers could have no bearing upon that subject and that the court properly refused to admit them.

Appellant sought to interrogate the witness Thomas Humphrey, as to the contents of the will, and particularly as to whether any provision was made therein for Humphrey. These questions the court, upon objection, refused to permit Humphrey to answer, and appellant complains upon the ground that the answers would have shown whether or not Humphrey had any interest in the event of this suit. Later on, however, Humphrey was permitted to testify, without objection, that he was the person who was to take the remainder of the estate, after the life estate of Mrs. Bliss expired and certain specific legacies were paid. All that appellant was entitled to show by the witness was his interest in the estate under the will, and that was fully explained by his answers to subsequent questions.

Instruction No. 2, given for appellee, was as follows :

" You are further instructed that it is claimed by the defense in this case that whatever services were performed by the claimant for the deceased, were settled for in the lifetime of the deceased; that while it is true that the burden of proof is on the defense to establish that fact, still that does not mean that they are required to specifically prove the items or amounts of any or all such payments. It is sufficient if from all the evidence, you believe it is more probable that such payments were made, than that they were not made."

The particular vice of this instruction is in the last sentence. In reference to an instruction containing a similar statement as to the law, our Supreme Court said in the case of Warner v. Crandall, 65 Ill. 195 :

" The last clause of the third instruction given for plaintiff, to wit, ' and if the jury consider it more probable, from all the facts and circumstances as shown by the evidence, that the contract was that such work was to be paid for by Warner & Edwards, then the jury should so find,' was also objectionable. The jury should not have been left at liberty to speculate on probabilities but should have been satisfied by the greater weight of evidence that Warner & Edwards, and not Edwards and Woods, were to pay for the work in question."

The burden of proving payment for the services mentioned by the claimant was upon the defense in this case and to establish that fact the defense should have been required to prove such payment by the preponderance of the evidence, and the jury should not have been authorized to speculate in regard to the probability as to whether such payment had or had not been made. The instruction was therefore erroneous and should not have been given.

Instruction No. 5, given for appellee, referred to the question of the amount and value of the services rendered deceased by appellant and whether those services had been paid for, and told the jury " you must be governed by the evidence of witnesses and facts and circumstances proven on the trial; that on the one hand you may infer from the evidence that more work was done by the claimant than was specifically proven by witnesses that saw him do the work, and on the other hand you may infer from the evidence that more payments were made by Edmund Bliss than testimony of witnesses specifically proves to have been made."

It is claimed by appellee that the object of this instruction was to tell the jury simply that they could consider circumstantial evidence. The instruction was manifestly improper, however, as from it the jury might easily have been led to believe that they were not limited by the proof as to the work done by or payments made to appellant.

For the reasons above given the judgment of the Circuit Court will be reversed and the cause remanded.