### City of Chicago v. Amelia Webb, Adm'x, etc.

1. RAILROADS—*Liability to Adjacent Property Owners for Elevating Their Tracks.*—A railroad company is not liable to adjacent property owners in damages for the elevation of its tracks upon its own right of way.

2. CITIES—*Liability for Requiring the Elevation of Railroad Tracks.*—A city can not be held liable for requiring the elevation of a railroad track by ordinance.

3. SAME—*Liability for Closing an Alley Used as a Means of Ingress and Egress.*—A city is liable to the owner of adjacent property in damages caused by the closing of an alley used as a means of ingress and egress to and from his property, when such damages are of a different kind from those sustained by the general public and impose upon him in the use of his property a burden different in kind from any imposed upon the public in general.

4. DAMAGES—*Resulting from Public Improvements—Benefits, When to be Considered.*—Where a part of an improvement, standing alone, has resulted in a damage to property, if, when the entire improvement is taken into consideration, a benefit rather than a loss has been the result, a recovery can not be had where no part of the property has been taken.

5. INSTRUCTIONS—*Speculating upon Probabilities.*—An instruction which tells the jury that "any danger to the plaintiff and his family before the elevation of the road, and any danger after such elevation, is speculative, and can not be taken into consideration in estimating damages and benefits," is sufficient ground for a reversal of the judgment in this case.

**Action to Recover Damages,** caused by the vacation of a portion of an alley. Appeal from the Superior Court of Cook County. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed May 23, 1902.

CHARLES M. WALKER, corporation counsel, and THOMAS J. SUTHERLAND, attorneys for appellant.

City of Chicago v. Webb.

HEREN & LUCAS, ROCKFORD & LONG and D. G. ROBERT-SON, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

One Jacob Kommers in his lifetime sued to recover from the city of Chicago damages alleged to have been caused by the vacation of so much of one end of an alley as was within the right of way of the Pittsburgh and Fort Wayne Railroad Company, and by the elevation of the road-bed and tracks within said right of way closing the alley as a means of ingress and egress to and from the rest of the alley and appellee's property abutting thereon. Appellee is the owner of lots 1, 2, 3, 4 and 5 in block 6 of assessor's sub-division of lots 17 to 21 in school trustees' subdivision of section 16, T. 38, N. of R. 14, east of the 3d principal meridian in Cook county, except so much thereof as is included within the said railroad right of way, a part of which, about eleven feet in width, appellee conveyed to the railroad company by deed dated December 10, 1891, for a consideration of one dollar. By a subsequent deed, dated December 6, 1897, appellee further conveyed to said company, the triangular portion of lot 3 lying north of said right of way, including also, in the language of the deed, " All that portion of alley lying between lots 1, 2 and 3 in said block 6, north of the northerly line" of the said right of way. The following plat shows the premises in controversy :

It will be seen that the right of way occupies the larger part of lots one and three, a very considerable portion of lots two and four, and all but about twelve feet of the street frontage of lot five. It includes the entire street frontage of lots three and four and most of the street frontage of lot one. The vacation of the part of the alley in controversy and the elevation of the road-bed has not deprived appellee of any land or taken any more of the alley than was occupied by the right of way before the track elevation. But before such elevation the alley was open for the passage of persons or teams crossing the railroad tracks at grade and taking the risks incident to such grade crossings.

The damages which appellee seeks to recover are ascribed to the obstruction of the alley by the elevation of the rail-

road tracks and the construction of the embankment now occupying the right of way across that portion of the alley vacated for the purpose. By that embankment direct ingress and egress to West Sixty-first street from the part of the alley south of the right of way and from lots abutting thereon is entirely cut off. By following the alley in the opposite direction southward, to the rear of lots three, four and five, thence westerly a distance of about 294 feet and thence north, access can still be had to West Sixty-first street as before. The elevated right of way cuts off only one end of the alley, both ends of which formerly entered West Sixty-first street. The railroad embankment, where it crosses the alley and the appellee's lots, is supported by a substantial stone wall. Subways have been constructed where the railroad crosses West Sixty first street and Princeton avenue, thus removing the dangers incident to street crossings on a level over railroad tracks upon which trains are so frequently passing.

It is contended by appellant that the city is liable in this action neither for the closing of the alley nor for the elevation of the tracks by the railroad company, in accordance with the requirement of the city ordinance.

That a railroad company is not liable in damages to adjacent property owners for the elevation of its tracks upon its own right of way, being its private property, may be deemed settled by the case of Kotz v. Ill. Central R. R. Co., 188 Ill. 578. For the same reasons it would appear that the city can not be held liable for requiring such eleva-tion by ordinance. In the case at bar, however, recovery is not sought for damages, if any, caused by the elevation of the railroad upon its own property within its right of way. Appellee's claim is asserted on the alleged ground that by the vacation of that part of the public alley within the right of way and the construction of the embankment thereon, appellee's property has been damaged in a pecul-iar way, differing in kind and not merely in degree from any damage which might be sustained by the general public. If the evidence supports this contention, appellee is entitled

to recover any such damages which can be proven. (City of Chicago v. Burcky, 158 Ill. 103.) But it is urged by appellant's attorneys that the only damage possible is such as might arise from the diversion of travel to the other end of the alley in order to reach Sixty-first street, and that such damages are of the same kind as those sustained by the general public, and hence there is no liability to appellee. As is said in the Burcky case, "There is less difficulty in determining what the law is, than in making a proper application of the law to the different cases that may arise." In the case at bar we are of opinion that appellee does suffer, if at all, in a different manner than could the public. Appellee's property is shut in by the embankment crossing the alley, making it at that end a blind alley. Appellee suffered in common with the public whatever damage is occasioned by merely shutting up one end of the alley to travel, but such injury, if any, as may arise from shutting off direct access from Sixty-first street to his property is peculiar, and different in kind from such public injury. The alley afforded and still affords the only public means of access to a large portion of appellee's property directly abutting thereon from any street or public highway. The shutting off direct access to such a street and compelling appellee, in order to reach any street from his property, to go a considerably longer distance through the alley, is to impose upon him, in the use of his property, a burden different in kind from any imposed on the general public. No other property was affected in the same way, for there is, so far as appears, none other similarly situated, without street frontage, and abutting on the part of the alley closed. The doctrine of Rigney v. City of Chicago, 102 Ill. 64, is therefore applicable, and for any damage differing in kind and not merely in degree from that inflicted on the general public by the closing of the north end of the alley with the embankment on the railroad right of way, appellee is entitled to recover.

It is contended by appellant that the case was tried upon a wrong theory; that it is the effect of the entire improve-

City of Chicago v. Webb.

ment, viz., the elevation of the tracks, the construction of the subways and the removal of grade crossings, as well as the mere closing of the north end of the alley which should be taken into consideration in determining whether appellee's property has been damaged, and if so, to what extent. It appears from the testimony of some of the witnesses for appellee that the closing of one of the outlets to West Sixty-first street by the embankment on the right of way is relied upon as the sole element of the alleged damage. On the other hand witnesses for appellant testify that the property of appellee is benefited and increased in value by the raising of the tracks above the street grades and the additional safety to all having occasion to use the streets or alley; that as the closed part of the alley was before dangerously obstructed by the tracks and the trains passing thereon at grade, appellee's property has suffered no damage by the closing up of that part of the alley so obstructed and the removal of that danger. Undoubtedly appellant is entitled to have the jury take into consideration the whole improvement. As is said in Springer v. City of Chicago, 135 Ill. 552–559, "A part of the improvement, standing alone, may have resulted in damage to plaintiff, but when the entire improvement is taken into consideration, a benefit rather than a loss may have been the result; hence the necessity of the attention of the jury being directed to the whole improvement." Where, as in the case at bar, no part of appellee's property has been taken, the law is well settled that a recovery can not be had unless the property claimed to be damaged has been depreciated in value by the construction of the public improvement as a whole. (Idem, p. 560.) Here the closing of the alley and elevation of the tracks had been completed at the time of the trial, and it was not necessary nor proper to ask a witness what the rental value " would be," upon a hypothesis, not supported by the actual conditions, as if the alley had been closed with the tracks remaining on the surface. It is the conditions as they exist, taking the whole improvement into consideration, the benefits, if any, accruing from the

track elevation, as well as the injury, if any, caused by closing that end of the alley, and the effect of these conditions as they are, which must determine what damage, if any, and how much, appellee's property has suffered. We think the objection to the hypothetical question should have been sustained.

Appellant's attorneys sought to introduce in evidence certified copies of two deeds made by Jacob Kommers and his wife to the railroad company. One of these conveyed a small triangular portion of lot 3, north of the right of way, and "all that portion of the alley" north of the right of way and abutting thereon. It was dated December 6, 1897. The court held it to be immaterial and irrelevant as to damages to lots 1, 3 or 4, south of the right of way, and hence excluded it. There is some question whether the embankment had been completed at the date of this deed, but none that the ordinance providing therefor had been passed long before in 1896, and that the work was in progress at that date. It is urged that this deed showed an abandonment of all rights to that part of the alley north of the right of way where it entered West Sixty-first street, the closing of which is the grievance complained of. But inasmuch as it was made after the vacation and closing of that part of the alley within the right of way, it can not be deemed a waiver or abandonment of appellee's claim for any damages occasioned by such closing. The objection to the introduction of the deeds was properly sustained.

Objections are made to certain instructions given on behalf of the appellee which we are compelled to regard as well taken. One of these instructed the jury that "if after having considered all the facts, including the number of witnesses and circumstances appearing upon this trial, you feel that from the testimony it is more probable that any fact is true or not, then such fact is proven by the preponderance of testimony, however slight that preponderance may be."

In reference to a somewhat similar instruction, Mr. Justice Sheldon said: "The jury should not have been left at

liberty to speculate on probabilities, but should have been satisfied by the greater weight of evidence." (Warner v. Crandall, 65 Ill. 195–197.) The use of the word "feel" in that connection is also criticised. But it is not probable that this instruction alone in this case would furnish sufficient ground for reversal. The same, however, can not be said of the fifth instruction given at the request of appellee's attorneys. This instruction told the jury that "any danger to plaintiff and his family before the elevation of the road and any greater safety after the elevation of the tracks of the railroad are speculative and are not to be taken into consideration by you in estimating damages and benefits." The elevation of railroads and the abolition of grade crossings at great expense can not be said, as a matter of law, to have been done to avoid merely speculative dangers, nor can greater safety to appellee and his family in the use of the property, if such be the result of the elevation, be said, as a matter of law, to be a merely speculative benefit. Whether property is benefited by an improvement which renders its use and enjoyment more safe, and whether an improvement has such an effect, are for the consideration of the jury, where, as here, the question is, what is the effect of the entire improvement upon appellee's property.

It is unnecessary to consider at length all the points to which our attention is called in the arguments. We are of opinion that for the reasons indicated the judgment should be reversed and the cause remanded.