**John M. Tregoning, Appellee, v. Charles Tregoning, Appellant.**

490

Opinion filed September 12, 1931.

RUFUS NEELY and GEO. T. CARTER, for appellant.

HAL G. GALLIMORE, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee sued to recover the balance of the purchase price alleged to be due him on the sale of his interest

in a coal mining firm. The general issue and a plea of payment were filed and appellee recovered a verdict and judgment for $550.

Appellee offered evidence tending to show that he sold his interest in the firm for $650, and that he had been paid $100. Appellant offered evidence tending to show that while the purchase price was $650, yet the agreement was that if the firm debts exceeded the firm assets and he paid such excess, the price should be reduced by the amount of such excess. He also offered evidence tending to show that there was an excess which he paid and that it was greater than the purchase price.

The burden was on appellee, under the plea of the general issue, to prove the contract. This required him to prove that the payment of the purchase price was not conditional as claimed by appellant. *McKenzie v. Stretch,* 48 Ill. App. 410.

The court instructed the jury that appellant had filed a plea of payment; the filing of which was an admission on his part that he had made the agreement to purchase as alleged in the declaration but he sought to avoid payment because of misrepresentations made by appellee; that this is an affirmative defense and it is the duty of appellant to prove by the greater weight of the evidence that appellee made misrepresentations to appellant relative to the financial condition of the firm upon which appellant acted to his detriment; that if appellant failed to make such proof to your satisfaction by the greater weight of the evidence, you should find for appellee.

Under the general issue appellee was required to prove the contract relied upon. The fact that a plea of payment was filed did not relieve him from that burden. One plea cannot be taken advantage of to help or to vitiate another, and is not either an admission or evidence of a fact denied in another plea. *West*

*Chicago St. R. Co. v. Morrison, Adams & Allen Co.,* 160 Ill. 288, 295; *Barker v. Barth,* 88 Ill. App. 23. The burden was on appellant to prove payment. He offered no evidence in support of that plea. His real defense was that according to the terms of the purchase, the purchase price was to be reduced by the amount of the excess of the debts over the assets of the firm, in case such excess was paid by appellant. The real controversy was in regard to the terms of the sale and the burden of proof as to that question was upon appellee. The court erred in advising the jury that this was an affirmative defense, which must be proved by appellant by a preponderance of the evidence.

The instruction was also erroneous in telling the jury that appellant was required to prove his defense to their satisfaction. *Herrick v. Gary,* 83 Ill. 85; *Teter v. Spooner,* 305 Ill. 198. Appellee's ninth and eleventh instructions should not have been given.

Counsel for appellee concede that some of the instructions were erroneous but they insist that appellee made out such a clear case that the judgment should be affirmed. We cannot say that the giving of the instruction which we have set out in substance, was harmless error. The evidence as to the terms of the contract was conflicting. As the case may be again tried, we refrain from expressing any opinion as to the merits. We would call attention to the fact that appellant's first and second instructions are erroneous because they refer the jury to the declaration and leave it to them to say what are the material allegations thereof. The fourth is erroneous because the jury may be in doubt about a certain fact, yet if they believe from the evidence that such fact was proven, that is sufficient. The sixth refers specially to the testimony of appellant and should not have been given. The judgment is reversed and the cause remanded.

*Reversed and remanded.*