## The Consolidated Coal Company of St. Louis
## v.
## Daniel Schaefer.

*Forcible Detainer—Coal Lands—Lease—Conditions—Forfeiture—Notice to Quit and Deliver up—Sec. 10, Chap. 80, R. S.—Instructions.*

Consolidated Coal Co. v. Schaefer.

1. A notice to a lessee to quit and deliver up possession of a tract of surface land devoted to a particular use, described by metes and bounds, can not be held to vary from a lease which conveys the right to mine coal in certain real estate, and provides that a definite portion of the surface thereof, without describing it, shall be used for the purpose in question, location thereof being fixed upon such land by its application to such use.

2. A condition in a lease of coal lands providing that the lessees shall work the mine in a " sound, safe and workmanlike manner, so as not to ruin the works," is violated by an entire failure to work the mine during a long period of time, and permitting it to become filled with water without any effort to remove the same.

3. A decree prohibiting a forfeiture because of the failure of a lessee to comply with the terms of the lease, has no application to a subsequent purchaser of the leasehold interest, or his assigns, who likewise fails to carry out the same.

4. No demand need be made by a lessor that the lessee or those holding under him shall comply with the conditions of the lease.

5. A return that there was " no one in actual possession," and the fact that the notice was posted on the premises being shown by affidavit, constitutes compliance with Sec. 10, Chap. 80, R. S.

6. The return in such case is properly admissible, and is not overcome by an admission on the trial of possession by defendant.

7. All causes for new trial not set forth in a written motion therefor, will be considered as waived.

[Opinion filed August 28, 1889.]

APPEAL from the Circuit Court of St. Clair County; Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Mr. W. C. KUEFFNER, for appellee.

PHILLIPS, J. On April 2, 1885, the appellee leased to Newberry & Hamett all the coal in certain lands in the lease described, and three acres of surface for the erection of works, sinking shaft and for buildings, which three acres was not described in the lease by metes and bounds, but was to be a part of over one hundred acres in the lease described. The lease was for a term of twenty-five years. The lessees were to commence work on the shaft within three months and continue the work; were to work the mine in a sound, safe

and workmanlike manner, so as not to ruin the works, and leave necessary pillars, and prop up the works securely. The lessees sunk the shaft and did some little work in the mine, when they became insolvent and quit work, and the mine became filled with water. At the May term, 1886, of the Circuit Court of St. Clair County, a bill was filed to which Newberry & Hamett, their creditors, and appellee were parties, and a decree entered thereon by which the right of appellee to declare a forfeiture for anything theretofore occurring was prohibited, and under that decree a sale was made of the lessee's interest, and Joseph Taylor was the purchaser for $3,385, and he sold to appellant, on the 6th day of July, 1886, who has been in possession since that time, and no work in the mine has been done, and the appellant has removed a part of the works and machinery at the shaft. A notice to quit and deliver up possession within ten days was given, for default in working mine in sound, safe and workmanlike manner, in paying royalty, and continuing the work of sinking the shaft for mining coal. The notice described all the lands in the lease described, and the three acres of land where the shaft was sunk, was, in the notice, described by metes and bounds, as was done in the complaint.

The admission of the notice in evidence was objected to, because it differs in description from land in the lease. The evidence shows it was a part of the land in the lease described, and the lease authorized the use of three acres of surface for sinking shaft, and the erection of buildings. When the lessees took possession of the three acres of surface, and erected buildings and sank the shaft, that fixed the location of the three acres, and the evidence shows them to be a part of the leased land, and as in the lease described and fixed. It was not error to allow the notice in evidence.

The evidence shows that the mine filled with water, and permitted to so remain, will cause injury to the mine; that the injury increases the longer it is permitted to so remain. The condition of the lease, by which the lessees "were to work the mine in a sound, safe and workmanlike manner, so as not to ruin the works, and leave necessary pillars, and prop up

works securely," was violated by an entire failure to work the mine during a long period of time, and permitting the same to become filled with water, with no effort to remove the same therefrom. It was not preventing or attempting to prevent an injury to the works that was a present continuing injury, that increased the longer it so remained. It was not working the mine "in a sound, safe and workmanlike manner so as not to ruin the works," to permit them to be destroyed so far as their use was concerned without the great labor and expense of pumping out the mine. Permitting the mine to be unworked and filled with water was "ruining the works" within the meaning of that condition of the lease.

Appellant's claim that the decree entered in the case of the original lessees, by which the plaintiff's right of forfeiture was waived and prohibited, should prevent a forfeiture here, can not be sustained. That decree only went to the effect of preventing a forfeiture for what had then occurred. It did not prevent a forfeiture by reason of a failure on the part of the purchaser, or his assigns, in complying with the terms of the lease.

The objection that no demand was made for a performance of the conditions of the lease, can not be considered as of any weight. The lease was the measure of the duty as between appellant and appellee, and the compliance with that duty is not to depend on the demand of the lessor. It was not necessary to show a demand that appellant should comply with the terms of the lease.

The objection made to the service of notice to quit, and demand for possession, that the actual occupancy must be presumed, and must overcome the affidavit of the service by posting notices, by reason of the admission of record of possession, is not well taken. The return of service that "there was no one in actual possession of the premises described in the notice," and that notice was posted on the premises, being shown by affidavit, was a compliance with Sec. 10, Ch. 80, R. S. It was not error to admit the return of service in evidence, nor does the admission of possession by appellant on the trial overcome the return.

· The error assigned for modifying the fourth instruction of appellant was not set forth in the motion for new trial ; it was not objected to in the trial court.    It can not for the first time be raised here.    "If a party files certain points in writing, specifying the grounds of his motion, he will of course be confined in the Appellate Court to the reasons specified in the court below, and will be held to have waived all causes for a new trial not set forth in his written grounds."    O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104 ; Miller v. Ridgley, 19 Ill. App. 306; Clause v. Bullock Printing Press Co., 20 Ill. App. 113.    We find no cause from this record to disturb this judgment.    The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*