# AMES & FROST COMPANY ET AL.

## v.

## FRANK STACHURSKI.

*Master and Servant—Negligence of Master—Personal Injuries.*

1. Where a defendant continues to put in evidence after excepting to the action of a given court in refusing to instruct the jury to find for the defendant, such exception must be considered waived.

2. A court of review can not set aside a verdict as not warranted by the evidence, unless a motion for a new trial upon that ground was made, denied, and the denial excepted to in the lower court.

[Opinion filed October 28, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. EDWIN WALKER and ARTHUR J. EDDY, for appellants.

Messrs. GIBBONS, KAVANAUGH & O'DONNELL, for appellee.

MR. JUSTICE GARY. This is an action by the appellee to recover damages for personal injury sustained by him in the factory of the appellants, where he was employed.

The bill of exceptions recites that at the close of the evidence for the plaintiff, appellee, the counsel for the defendants, appellants, said: "I will enter a motion for the court to instruct the jury to find for the defendant." And also that at the close of the testimony of the first witness for the appellants "Counsel for defendant renewed his motion to exclude the evidence of the plaintiff and to instruct the jury to find a verdict for the defendant."

As the appellants put in a great deal of evidence afterward, the exceptions taken to the action of the court in denying those motions were waived. Joliet, A. & N. Ry. v. Velie, 26 N. E. Rep. 1086.

Ames & Frost Co. v. Stachurski.

The further proceedings in the Circuit Court as recited in the bill of exceptions, were as follows:

" Whereupon counsel for defendant rested his case and moved the court to direct a verdict for the defendant. Motion overruled by the court. To which ruling counsel for defendant then and there duly excepted.

Which was all the testimony offered on the trial of the above entitled cause.

Whereupon the defendant, by its counsel, requested the court to give the following instruction:

' Now come the defendants, by their attorneys, and request the court to instruct the jury that the evidence is insufficient to maintain the plaintiff's case as charged in its declaration, and therefore the verdict must be for the defendants.' But the court refused to give said instruction, to which refusal of the court defendant, by its counsel, then and there excepted.

Whereupon the jury retired and returned rendering a verdict against defendants in the sum of $1,500; whereupon the defendants, by its counsel, moved the court to set aside the verdict and grant a new trial, and filed in support of said motion the following reasons:

First. The court erred in refusing to direct a verdict for defendants at the close of the plaintiff's testimony, as requested by the defendants.

Second. The court erred in refusing a verdict for defendants at the close of all the evidence in testimony, as requested by defendants.

But the court overruled said motion and entered judgment on the verdict, to which action of the court in overruling said motion, and in entering judgment upon the verdict, defendants, by its counsel, then and there excepted."

It thus appears that the only objection to the verdict which the appellee obtained, was the insufficiency of the evidence to warrant it; for though in form the grounds assigned for a new trial were errors of the court, yet those assumed errors were in not acting upon such assumed insufficiency.

It is well settled that a court of review can not set aside a verdict as not warranted by the evidence, unless a motion for a new trial upon that ground was made, denied, and the denial excepted to in the lower court. St. L., A. & T. H. R. R. v. Dorsey, 68 Ill. 326; Law v. Fletcher, 84 Ill. 45; Foreman v. Johnson, 37 Ill. App. 452.

Our review is confined to the grounds upon which the motion was made. Con. Coal Co. v. Schaefer, 135 Ill. 210; 31 Ill. App. 364.

The first ground was waived as already shown. Whether the second ground refers to the two requests made at the close of the evidence, or to but one of them, and which, is immaterial.

The statute, Sec. 53, Practice Act 1872, contemplates that all instructions which a party may ask, will be prepared by the party, and presented to the judge in readiness for him to write upon the margin "refused" or "given;" and very soon after that method of charging a jury was first adopted by the statute approved February 25, 1847, Session Laws 1847, 63, the Supreme Court held, in Vanlandingham v. Huston, 4 Gilm. 125, that the court was under no duty to add to what was so presented.

That first request the court could not comply with without writing an instruction, for the court may instruct only in writing. Sec. 52, Practice Act.

The second request, if complied with, would only have informed the jury that the defendants had requested "the court to instruct the jury that the evidence is insufficient to maintain the plaintiff's case as charged in its declaration, and therefore the verdict must be for the defendants," but would have given the jury no information as to what the court was going to do about it.

The jury might have conjectured that the reading of what the appellants called an instruction, if it had been read to them, was intended by the court as a compliance with the request, and we may conjecture that if the paper had been in form an instruction, the court would have refused to give it.

We can only act upon what was done, and may not reverse for error, if error it would have been, which we suspect the court would have committed.

This, we concede, is a narrow, technical rule to go upon, but to us it seems as standing upon the same reason as the decisions in Dickhut v. Durrell, 11 Ill. 72, and Dufield v. Cross, 13 Ill. 700. There it was held that exceptions in the present tense, when the bill of exceptions is prepared at a date later than the action of the court, are unavailing. A court of review acts upon the words as they are written.

The judgment is affirmed.

*Judgment affirmed.*

Waterman, J., dissents.