WILLIAM C. DOW, ADMINISTRATOR,

V.

CHRISTINE BLAKE.

46 329
148s 76

46 329
64 522

*Divorce—Alimony—Attachment—Final Decree.*

1. The fact that courts have the power at any time to modify their decrees in respect to the payment of alimony, does not make such decrees merely interlocutory.

2. While judgments and decrees are subject not merely to revision, but to be entirely set aside during the term at which they are rendered, yet they are, in the sense of furnishing the foundation for execution, creditor's bills, and other suits based thereon, final and conclusive.

3. The pendency of a petition for the modification of a decree awarding alimony does not render the decree other than final. The petition for modification is but the exercise of a right which exists in all proceedings wherein alimony has been decreed.

4. An attachment does not abate by the death of the sole defendant.

[Opinion filed November 11, 1892.]

IN ERROR to the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. Doolittle, Palmer & Tolman, for plaintiff in error.

Messrs. Millard & Boyesen and J. A. Eggen, for defendant in error.

Mr. Justice Waterman. In an action of debt it appeared that in certain proceedings for divorce had in Milwaukee County in the State of Wisconsin, a decree was in 1882 rendered that the complainant therein, Christine Blake, be divorced from her husband, Barnum Blake, and that she have and recover from him the sum of $2,000 upon the execution by her of a release of all right to dower in and to his estate.

In 1888 this decree was, upon her petition, modified by the entry of the following order:

"It is now here ordered and adjudged by this court that Christine Blake, the plaintiff, do have and recover of Barnum Blake, the defendant, the sum of $30,000, and the further sum of $1,000 for attorney's fees and disbursements in this proceeding, amounting in all to the sum of $31,000, as the full and final share and allowance of the plaintiff in the final division and distribution of the estate and property, real and personal, of the said defendant, Barnum Blake. And it is further ordered and adjudged that except as it is herein modified or superseded, said original judgment stand and remain in full force and effect."

In September, 1889, upon appeal from this order to the Supreme Court of Wisconsin, the following order was made by said Supreme Court:

"This cause came on to be heard on appeal from the judgment of the Circuit Court of Milwaukee County and was argued by counsel. On consideration thereof, it is now

Dow v. Blake.

here ordered and adjudged by this court that the judgment of the Circuit Court of Milwaukee County in this cause, be and the same is hereby affirmed with costs against the said appellant, taxed the sum of $45.50, and with leave to the said appellant to apply to the trial court for a modification of the judgment as to the time or times for the payment of the same."

Thereupon a petition for a modification of the decree was filed in the Circuit Court of Milwaukee County, in the State of Wisconsin.

Upon the decree for the payment of $31,000, thus rendered in said Circuit Court of Milwaukee County, Wisconsin, suit was brought as aforesaid in the Circuit Court of Cook County in this State. Judgment having been rendered for the plaintiff below, it is insisted by the plaintiff in error that the decree of the Wisconsin court entered in 1888, is not final, and therefore that an action of debt can not be maintained thereon.

We fail to perceive wherein the decree is not so final as to be the basis of this action. It is a definite, unconditional decree for the payment of a certain sum of money at once. The fact that courts have the power at any time to modify their decrees in respect to the payment of alimony, does not make such decrees merely interlocutory.

We imagine that an inspection of the laws of Wisconsin in respect to appeals and a complete record of the cause in which this decree was rendered, would show that plaintiff in error was allowed to and did appeal therefrom because it was a final decree; certainly upon the face of the decree it so appears. Our examination of the statutes of Wisconsin and the reported decisions of the Supreme Court of that State, shown in the record, has also led us to the conclusion that the judgment sued upon in this case is in that State regarded as a final judgment.

All judgments and decrees are subject, not merely to revision, but to be entirely set aside during the term at which they are rendered, yet we have never heard it suggested that they are not, in the sense of furnishing the

foundation for execution, creditor's bills, and other suits based thereon, final and conclusive.

The Supreme Court of Massachusetts, in Howard v. Howard, 15 Mass. 196, said : " The only question made in this case is whether an action of debt will lie to recover the sum ascertained to be due by the decree of this court for alimony, and there seems to be no reason why it should not. The debt is certain, and it is proved by record, and the decree is, in effect, as much a judgment as if rendered on the common law side of the court." To the same effect is the case of Stewart v. Stewart, 27 W. Va. 167.

The language of the decree of 1888 is a plain and unmistakable order to pay; in marked distinction from that of the first decree, which was an order to pay $2,000 upon the execution of a release of all dower rights. Nor does the fact that a petition for modification of the decree is pending, render it otherwise than final. The petition for modification is but the exercise of a right which exists in all proceedings wherein alimony has been decreed.

Shortly before the cause in the Circuit Court of Cook County was called for trial, the defendant below asked leave to file certain pleas, which leave was refused. The court might properly have refused leave to file these pleas ·because of the time that had elapsed—more than two years— since the filing of the declaration; but we think that none of the pleas set up anything admissible by way of defense that did not appear on the face of the record, or was not admissible under the pleas already on file. The only debatable question seems to have been, whether the judgment upon which suit was brought was a final one in the State of Wisconsin, where it was rendered. Appellant makes no complaint that he was not allowed to introduce all the evidence he desired as to the record of the case and as to the law of Wisconsin; we therefore fail to see how the order of the court denying his application to file additional pleas, operated in any way to his prejudice.

Barnum Blake, the defendant in the Circuit Court, having died pending the proceedings, his administrator, William C.

Dow, was substituted as the party defendant, and a final judgment was rendered against him as such administrator, for the sum of $31,000, debt, damages $7,209, to be paid in due course of administration. The action having been begun by attachment, as a part of the judgment, a special execution against the property attached was awarded. It is insisted that this was error. We do not so regard it.

In Davis v. Shapleigh, 19 Ill. 386, the Supreme Court held that an attachment did not abate by the death of the sole defendant. The statute commented upon by the court in that case is in respect to proceedings against administrators, the same now as then.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*