## Provident Hospital and Training School v. Julia M. Barbour.

1.  INSTRUCTION—*Duty of the Court—When Not Asked to Give.*—It has never been held in this State, error, not to instruct the jury when not requested.

Assumpsit.—Breach of contract.   Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.   Submitted at the March term, 1895, of this court.   Affirmed.   Opinion filed April 22, 1895.

BARNETT & WILLIAMS, attorneys for appellant;   C. S. DARROW, of counsel.

EDWARD H. MORRIS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

A part of the complaint in the brief of the appellant is that the court did not sufficiently instruct the jury; the answer to which is that the appellant presented no proper instruction which the court refused.   Ames & Frost Co. v. Stachurski, 46 Ill. App. 310, 145 Ill. 192.

The case cited as supporting the complaint is "that it would have been the duty of the court, had it been asked, to have instructed."   Roy v. Goings, 112 Ill. 656.

It is true that in that case, in defending the right of the court to instruct when not asked, the court says:  "It may

be added, such is its duty, when the promotion of justice demands it."

It has never, in this State, been held error not to instruct, when not asked.

This suit is by the appellee to recover damages for being wrongfully discharged from the service of the appellant. The evidence that she was engaged for a term of three years is in the following correspondence:

"PROVIDENT HOSPITAL AND TRAINING SCHOOL,
2900 Dearborn Street,
CHICAGO, May 30, 1893.

Miss J. M. BARBOUR:

It has been thought best by the management of Provident Hospital and Training School for Nurses, of this city and State, to economize somewhat by merging the positions of clerk and matron into one, and to secure a competent person to fill it. I have taken the liberty to suggest your name as such person, and Dr. D. H. Williams, founder of the institution, has requested me to write you and ascertain whether you purpose on soon attending the World's Fair, and if so, to invite you to call upon him at his office, as the house committee of Provident Hospital may be in a position to offer you something better than that of teaching school. Enclosed please find card bearing the doctor's address. Will also mail prospectus and first annual report of Provident Hospital.

Respectfully yours,
THEODORE W. JONES,
Member of House Committee."

"2307 Commercial Ave.
CAIRO, Ill., June 7, 1893.

MR. T. W. JONES, Chicago, Ill.

Dear Sir: Your letter bearing the date May 30, 1893, informing me of the probability of some changes at Provident Hospital has been received.

It has been a source of pleasure to me to note the progress of Provident Hospital and Training School. I am very glad to see the hospital ranking among older and more favored institutions.

Provident Hospital v. Barbour.

As yet I am undecided concerning my attendance at the World's Columbian Exposition.

Notwithstanding this fact, I should be pleased to consider a proposition from the house committee of Provident Hospital. I have taught in this State several years. Three consecutive years I have taught in the public schools of this city, and am re-elected to the same position for the coming term.

I mail you a catalogue of our public schools. (On page forty-six you will find engraving of my building.) The above being true, I presume recommendations as to my competency, integrity, etc., will be unnecessary.

Respectfully,

J. M. Barbour."

" Provident Hospital and Training School,

2900 Dearborn Street.

Chicago, June 10, 1893.

Miss J. M. Barbour:

Your letter of the 7th inst. at hand accompanied by the catalogue spoken of. In answer will say that both are satisfactory. Hence, I am instructed by Dr. D. H. Williams, chairman of the house committee, to inform you that Provident Hospital is in part a charitable institution depending largely for support upon a generous public; that having to pay rent, buy provisions, fuel, etc., and being entirely without endowments of any kind, that we can not afford to pay flattering salaries. Enclosed please find list of the clerk's duties, and for such services we have been paying $5 per week, including board. This position we wish to merge into that of matron with additional powers and duties for which we feel able to pay but $6 a week at present, including expenses, this means board, room and laundry.

I am further instructed by Dr. Williams, to ask if you would consider a proposition at the salary above mentioned.

Yours respectfully,

Theodore W. Jones,

Member of House Committee."

"1819 Maple Street.

ALTON, ILL., June 12, 1893.

MR. T. W. JONES,

2221 Cottage Grove Ave., Chicago, Ill.

Dear Sir: Yours bearing date of the 10th inst. reached me here, having been forwarded from Cairo.

Its contents have been carefully noted, and in reply I would say that the salary proposed is less than I can accept, yet I am willing for the sake of a change from the care and confinement of the school room to accept the position if offered for a considerable length of time at a salary of thirty dollars per month.

I should, of course, like to know definitely about it at as early a date as possible, for I shall want, if I am to resign my present appointment, to give the Board of Education notice in due time to secure a good teacher.

Very respectfully yours,

J. M. BARBOUR."

"PROVIDENT HOSPITAL AND TRAINING SCHOOL,

2900 Dearborn Street.

CHICAGO, June 13, 1893.

MISS J. M. BARBOUR:

This will inform you of the receipt of your letter of the 12th, and also of the fact that Dr. Williams has authorized me to tender you the position of matron of Provident Hospital, Chicago, Ill., for one year at a salary of $24 per month until September 1st, and $30 per month thereafter, including board, room and laundry (this entitles you to have twenty-one pieces of clothing washed each week).

If this proposition is accepted, come at your earliest convenience, and Miss Mary Weaver, superintendent of Training School, will meet you at the depot. If declined, kindly notify either the doctor or myself.

Respectfully submitted,

THEODORE W. JONES,

Member of House Committee."

" 1819 Maple street,
Alton, Ill., June 15, 1893.

Mr. T. W. Jones.

Dear Sir : Yours at hand; in reply will say that I do not feel quite satisfied in resigning a position which I have held for three years, and which is in a manner permanent, to accept another of less pay and for but one year.

The railroad fare to and from Chicago and the necessary expense incident to assuming the office of matron, or any new position, would greatly diminish one year's salary.

Had I some assurance that if I faithfully and honestly performed every duty that I would be retained, say for two or three years, or during uprightness and dutiful service, then I would at once accept.

Respectfully,
J. M. Barbour."

"Provident Hospital and Training School,
2900 Dearborn street,
Chicago, June 17, 1893.

Miss J. M. Barbour :

Your letter of recent date at hand. In reference to the matter of your being engaged for but one year, to which you demur, Dr. Williams says that the length of time is immaterial with the committee; that what we most want is a woman of high moral character, who knows how to deal with the public, so far as she may have to do with it, in a way that will make friends for the hospital; who will treat visitors with courtesy, patients with consideration, and not engage in piques and quarrels with the nurses, and who will render honest and intelligent service. If you will do these things, Doctor Williams says, you may consider yourself employed for three years at the same salary and under the same conditions, and that we should be pleased to have you remain with us even longer.

Yours, etc.,
Theodore W. Jones,
Member of House Committee."

It is observable that all the letters from, are under letter heads of, the appellant, and it is not an unfair presumption that those heads are printed, that the letters were written at the hospital, and if the conduct of the business there was orderly, that letter press copies of them were taken and preserved.

There was evidence that Jones was vice-president of the hospital; that he, Dr. Williams and Dr. Wesley were the " house committee," of which Dr. Williams was chairman, and that Dr. Wesley took no part in running the hospital; that the letters of Jones were dictated by Dr. Williams; that the "house committee " " looked after the employment of employes there; " and that the letters of the appellee were " turned over to the hospital board."

That those letters, followed by the acceptance by the appellee of the position of clerk and matron in the hospital, constituted an engagement for the term of three years can not be questioned, if it be conceded that the letters of Jones were binding upon the appellant.

There is enough in the evidence to warrant the jury in finding that those letters were written under authority conferred by the appellant, implied from the mode of management of the hospital.

The appellee commenced her service June 19, 1893, and January 5, 1894, was discharged by the following letter :

" Jan. 5, 1894.

Miss BARBOUR :

In pursuance to instructions I forward the following to you :

A resolution reading as follows was adopted :

' Owing to the stringency of the times the greatest economy in the administration of the affairs of Provident Hospital is made imperative.

Therefore, be it resolved, that the office of matron be and is hereby abolished.'

I sincerely trust that this will prove satisfactory. Your time is supposed to expire this evening.

C. E. BENTLEY,<br>Secy. Board."

On the trial the appellant endeavored to prove that the appellee did not discharge the duties of her position properly, but the verdict is conclusive upon that point.

Of the instructions given there is no criticism except it is urged that it should not have been left to the jury whether she was employed for the term of three years.

It was a question of fact whether the letters of Jones were written under authority of the appellant; if the appellant wished any particular construction placed upon those letters, it should have presented an instruction upon the subject.

The appellee vainly sought employment after her discharge. The verdict was rendered November 27, 1894, for $621, which gives her less than $60 per month for wages, board and washing.

The appellant is presumably an eleemosynary institution, but the appellee is a woman, probably dependent upon her own labor for a livelihood.

There is no occasion for regret that the scales of justice hang evenly between them.

The judgment is affirmed.