## L. Gustav Hallberg v. Z. P. Brosseau.

1. ERRORS—*Assigned but Not Argued.*—Errors assigned and not argued will not be noticed.

2. PRACTICE—*Request for Instructions.*—A motion for the court to instruct the jury, without presenting the instructions, is not sufficient to base an assignment of error upon.

3. SAME—*Additional Pleas.*—Under the statute a defendant has at first the right to plead as many pleas as he desires to, but when he asks to file additional pleas thereafter the court may, and if such additional pleas tend only to confusion and delay, ought to, refuse leave to file them.

4. NEW TRIALS.—*Verdict too Small.*—A motion for a new trial should be allowed where the verdict is for a less sum than the evidence shows the party is entitled to.

5. JUDGMENTS—*Must Follow the Verdict—Exception.*—No court is authorized to enter a judgment upon a verdict for a greater sum than the verdict, except for interest accrued in the interval between the two.

6. PLEADING—*No Consideration to Sealed Instrument.*—A plea of no consideration in an action upon a sealed instrument is bad unless it is such an instrument as is within section 9, chapter 98, R. S., entitled Negotiable Instruments.

7. SAME—*Statute of Frauds.*—A plea setting up the statute of frauds in an action upon an instrument in writing, is a personal privilege.

**Assumpsit**, on a guaranty under seal indorsed upon a lease. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed June 1, 1896.

JNO. R. MONTGOMERY, attorney for appellant.

SAMSON & WILCOX, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Errors assigned and not argued, will not be noticed. Cook v. Moulton, 59 Ill. App. 428.

The action is assumpsit upon a guaranty under seal, indorsed upon a lease, of the performance of the covenants of the lessee.

The issues upon which the case was tried, were, first, upon

*non-assumpsit*, and second, whether the appellant accepted from the lessee a promissory note running thirty days as payment of $400 of the rent sued for. Upon the second issue there is no evidence tending to justify the verdict, which in effect finds that issue in favor of the appellee.

All there was of that transaction was that the lessee asked the agent of the appellant if the appellant would not take a note, and he did not know; the lessee sent the note, and called on the appellant shortly before it was due, and told him that she could not pay it, and he gave it back to her.

A motion that the court instruct the jury, without presenting the instruction, is not sufficient to base an assignment of error upon. Wenona Coal Co. v. Holmquist, 152 Ill. 581; Ames & Frost Co. v. Stackurski, 46 Ill. App. 310.

We need not consider the abstract question of the right of the appellant to a specific instruction that the jury should find for him a sum named in the instruction, as no such instruction was asked. But upon the evidence no effect should be given to the transaction of sending the note. Cheltenham S. & G. Co. v. Gates Iron Works, 124 Ill. 623.

Eight hundred and fifty dollars of rent was due, and the jury found for the appellant $450.

The motion of the appellant for a new trial because the verdict was for a less sum than he was entitled to, should have been granted; but his motion for a judgment *non obstante veredicto*, and his appeal to this court to give him a judgment for $850, are both in disregard of the right of the appellee to a trial by jury.

The record was in no shape to warrant the motion for judgment *non obstante* (Florsheim v. Dullangham, 58 Ill. App. 626), and no court is authorized to enter a judgment upon a verdict for a sum greater than the verdict, except for interest accrued in the interval between the two. Sec. 3, Ch. 74, " Interest;" Hirth v. Lynch, 96 Ill. 408; Frazier v. Laughlin, 1 Gilm. 347; Hinckley v. West, 4 Gilm. 136.

The appellee assigns cross-errors because to some of his pleas demurrers were sustained.

First, no consideration for the guaranty. This is no plea to a sealed instrument, unless it is such an instrument as is within Sec. 9, Ch. 98, "Negotiable Instruments."

The statute is the same in substance now as it was in 1841, when in Dunbar v. Bonesteel, 3 Scam. 32, it was held that a lease was not within it; and practically the guaranty and lease are one instrument. Otto v. Jackson, 35 Ill. 349.

Second, that the lease was not signed by the appellant or by any one by him in writing authorized. The purpose seems to be to set up the statute of frauds; which is the personal privilege of the appellant only. Chicago Dock Co. v. Kinzie, 49 Ill. 289.

If intended to dispute the execution of the lease by the appellant for the purpose of showing that no estate passes, or demise was made, L. N. A. & C. Ry. v. Carson, 51 Ill. App. 552, 151 Ill. 444, is authority that permitting the lessee to enter under it (which being shown by the declaration and not denied by the plea is admitted), is a ratification by the appellant of the lease. Other pleas are inartificial pleas of termination of the lease by different causes after most, if not all, of the rent sued for accrued, and being pleaded to the whole action, were bad for that, if no other reason.

This action is assumpsit. Most good defenses are admissible under the general issue. 1 Ch. Pl., 419, Ed. 1828.

While under the statute the defendant has the right to plead, at first, as many pleas as he will, yet when he wishes to put in additional pleas thereafter, the court may, and if such additional pleas tend only to confusion and delay, ought to, refuse leave to file them. Bemis v. Horner, 44 Ill. App. 317; 145 Ill. 567; Dow v. Blake, 46 Ill. App. 329; 148 Ill. 76.

However instructive to attorneys to practice their skill in pleading, the end does not justify the means.

For anything indicated by this record, the appellant ought to recover all unpaid rent, with interest since it became due.

The judgment is reversed and the cause remanded.