### Robert F. Bullen v. Charles E. Morrison, Ex'r, etc.

1.   GUARANTY—*Of the Payment of Rent—Requisites of the Contract.*—When a contract of guaranty for the payment of rent, indorsed upon a lease, is made at the same time as the lease on which it is indorsed, it is a part of the same contract, and needs no further consideration to support it; but when it is made at a different time, and after the lease is fully executed and delivered to the lessee, it is a separate and distinct contract, and it is necessary, before it can become valid and binding, that there should be a new and independent consideration from that of the lease.

2.   SAME—*Contract Under Seal, and Stating it to be for "Value Received."*—The claim that when a contract of guaranty is under seal, and states that it is for value received, it can not be successfully contended that there was no consideration, is not tenable.

Assumpsit, on a contract of guaranty.   Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1901.   Reversed and remanded. Opinion filed December 12, 1901.

E. A. SHERBURNE, attorney for appellant.

JOHN C. SCOVEL, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered ,the opinion of the court.

This case is assumpsit on a guaranty in writing under

seal on the back of a lease from Ezekiel Morrison to the Economy Furniture Co., of certain premises in Chicago. The plea was the general issue. The trial before the court and a jury resulted in a verdict and judgment thereon against appellant for $2,154 and costs, from which he has appealed.

The guaranty declared on is as follows:

"For value received, I hereby guarantee the payment of the rent and the performance of the covenants by the party of the second part in the within lease covenanted and agreed in manner and form, as in said lease provided. Witness my hand and seal this 10th day of February, A. D. 1887.

R. F. BULLEN.    [SEAL.]"

After the plaintiff had offered evidence showing a *prima facie* right of recovery for the amount of the verdict, the defendant offered evidence tending to prove that the guaranty sued on was not signed or executed at the same time as the lease upon which it was written; but that said lease was fully executed, as between the parties to it, and delivered to the plaintiff, and then, several weeks after such delivery, the plaintiff requested Jacob A. Eiffert, the manager of the Economy Furniture Company, to get the defendant to execute the guaranty sued on; that in compliance with such request of the plaintiff, said Eiffert carried the lease to the defendant and asked him to execute said guaranty, and defendant did so; that defendant received no consideration or promise of consideration therefor. The court, upon the objection of the plaintiff, refused to admit the offered evidence, and the ruling of the court in this regard presents the principal question on this appeal.

It was stipulated on the hearing in open court that under the general issue the defendant might give in evidence any matter of defense which would be admissible under special pleas filed.

We are of opinion that the learned trial judge was in error in excluding the proffered evidence. If the guaranty sued on was made at the same time as the lease on which it was indorsed, then it was a part of the same contract and

needed no further or other consideration to support it than the lease itself. If, however, it was made at a different time and after the lease was fully executed and delivered to the plaintiff, then it was a separate and distinct contract from the lease, and it was necessary, before it could become a valid and binding contract, that there should have been a new and independent consideration from that of the lease. Judson v. Gookwin, 37 Ill. 286–98; White v. Weaver, 41 Ill. 409; 2 Parsons on Contr., Sec. 2 (n).

But it is said that this guaranty being under seal, and stating that it is "for value received," it can not be disputed that there was a consideration. This claim is untenable. Rev. Stat. Ill., Ch. 98, Sec. 9; Rogers v. School Trustees, 46 Ill. 431–4; Gage v. Lewis, 68 Ill. 604; Morris v. Tillson, 81 Ill. 607–615; Crandall v. Willig, 166 Ill. 239; Haven v. Chgo. Sash, etc., Co., 96 Ill. App. 92, and cases cited.

The section of the statute referred to provides:

" In any action upon a note, bond, bill or other instrument in writing, for the payment of money or property, or the performance of covenants or conditions, if such instrument was made or entered into without a good and valuable consideration, * * * it shall be lawful for the defendant to plead such want of consideration, * * * and if it shall appear that such instrument was made or entered into without a good or valuable consideration, * * * the verdict shall be for the defendant."

It seems to us too plain for argument that the guaranty sued on is within the language of this statute. It is an instrument in writing not only for the payment of money, but also binds the maker to the performance of the covenants of the lease on which the guaranty is indorsed. This view is supported by the cases of Rogers, Gage and Morris, cited *supra*.

In the Gage case, which was an action upon a bond under seal, the Supreme Court held that under the statute above referred to, the defense that the consideration upon which the instrument was executed had failed, could be interposed; also that the consideration expressed in the instrument was not the real consideration which induced its execution.

In the Morris case it was held that parol evidence was admissible to show that the consideration named in a lease was different from that stated; that it could be shown what the actual consideration was, the recitals in the lease not working an estoppel.

In the Haven case, *supra*, which was a suit upon a bond guaranteeing the performance of a previous contract between the principals to the bond, we said :

" The rule in regard to guaranty is that if the guaranty is simultaneous with the execution of the contract guaranteed, the consideration for the contract is a consideration for the guaranty; but if the guaranty is so long subsequent to the execution of the contract guaranteed that it can not be said to be a part of the original transaction, the consideration for the contract will not support the guaranty. In such case there must be a new and independent consideration."

We held that the defense of no consideration was a proper one, and that because the bond was executed by the surety after the contract, the performance of which it guaranteed, had been executed and delivered several days prior to the signing of the bond by the surety, and no new or independent consideration being shown, the defense by the surety was complete.

We see no reason why, under the statute, the principle of these decisions should not be applied to the guaranty here in suit.

Counsel for appellee cite and rely upon, as holding a different view, the cases of Dunbar v. Bonesteel, 3 Scam. 31, Otto v. Jackson, 35 Ill. 350–9, and Hallberg v. Brosseau, 64 Ill. App. 520. Clearly the Otto case, which holds that a " lease and the guaranty indorsed upon it must be taken as one entire agreement," may be distinguished from the case here, because in that case it does not appear but that they were executed at the same time, in which case, of course, the language of the court is strictly accurate. As we have seen, a different rule prevails where the lease and guaranty were made at different times.

In the Dunbar case, *supra*, it was held that the statute

Bullen v. Morrison.

then in force, which is similar to the present statute, did not apply to a lease. The statute then under consideration differed from the present statute in that the words "by the obligee or payee thereof," appear after the words, "covenants and conditions," and after the word "defendant," as it appears in the present statute, there were in the old statute the words, "or defendants against whom such action shall have been commenced by such obligee or payee." These words are not in that present statute. The court, in deciding the case, seems to lay especial stress upon the words "obligee or payee," as it says: " Can there be an obligee or payee as parties to the lease? These terms are understood as applicable only to one of the parties to an obligation, or simple contract." The case can not, therefore, be considered an adjudication upon the statute as it now is, which omits the words "obligee or payee." Moreover, the court was then considering a *lease*, whereas here we have under consideration not a lease, but a separate and distinct contract under seal for the payment of money and the performance of covenants.

The Hallberg case is evidently based upon the Dunbar case and the Otto case, both of which are cited. They do not, in our opinion, justify the conclusion that the statute, as it now is, does not apply to a guaranty which is a distinct and separate contract from the lease which it purports to guarantee. An instrument in writing for the payment of money or the performance of covenants or conditions, is as clearly within the statute as is a note, bond or bill. The older cases under the statute, as it then was, if they are to be considered as in conflict with the later holdings of the Supreme Court, must yield to the later decisions. Independent of the statute, however, we think the evidence should have been admitted. In the Rogers case (p. 434), *supra*, the court say:

"Under the more stringent and ancient rules of the common law, it was held that relief could only be had in equity to discharge a surety. But under the tendency of modern decisions, substance is more regarded than mere form, and the doctrine seems now to be recognized, that whatever dis-

charges a surety in equity, may be interposed in a suit at law, unless there be such a complication of interests as would prevent a court from affording adequate relief. And although relief may be had in both courts, the chancellor will not send a case to a court of law to seek his defense."

The court held in an action of debt on a note under seal against the surety, that it would entertain a defense that the payee of the note had destroyed certain collateral securities in his possession, without the consent of the surety, whereby the latter was discharged.

In the Crandall case, *supra*, which was an equity suit for the specific performance of a contract under seal that purported to be based upon the nominal consideration of one dollar, it was held that the real consideration might be inquired into, and that in fact there was no consideration.

To the same effect and affirming the principle laid down in the Rogers case, *supra*, are the following cases: Phares v. Barbour, 49 Ill. 370–5; Kirkpatrick v. Hawk, 80 Ill. 122–5; Travelers Ins. Co. v. Mayo, 170 Ill. 498; 1 Brandt on Suretyship & Guar., Sec. 243.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed. Reversed and remanded.