# Bartholomae & Roesing Brewing and Malting Company, Appellee, v. Maria Motycka, Appellant.

## Gen. No. 15,796.

1. SURETYSHIP—*when guaranty without consideration.* A written guaranty even though under seal is void if entered into without any consideration moving to the guarantor after the debt guaranteed has been created and a note given to represent the same.

2. SURETYSHIP—*what essential to render forbearance consideration for guaranty.* Before forbearance can be held to be the consideration for a guaranty the obligation must be mutual and reciprocal and binding on both parties, on the one hand to pay and on the other hand to forbear, the promise to forbear being as well the consideration for the promise to pay, as the promise to pay is the consideration for the promise to forbear.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of facts. Opinion filed October 4, 1911.

MASON & WYMAN, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

On September 1, 1903, one Voclav Motycka, the hus-

band of the appellant, was indebted to the appellee in the sum of $365.12, for which on September 8, 1903, he gave his judgment note, on which note he paid $2 before October 5, 1903. On October 5, 1903, the appellant gave to the appellee the following writing:

"I, Maria Motycka, in consideration of the sum of one dollar ($1.00) in hand paid to me, and other good and valuable considerations, I hereby agree to be responsible for the indebtedness of Voclav Motycka to the Bartholomae and Roesing Brewing and Malting Company for the sum of Three Hundred and Sixty-three and 12-100 Dollars ($363.12), being for the balance due for beer and license to the aforesaid brewery while conducting a saloon at 640 Throop Street.

Chicago, Illinois, October 5th, 1903.
    (Signed) MARIA MOTYCKA (Seal).
Witness to Signature
    (Signed)  JOHN F. SEITZ.
         AUGUST POHLING.
         JOHN VYDUNA."

In a suit in assumpsit brought in June, 1905, the appellee filed its declaration, consisting of the common counts and two special counts, the first special count declaring on the foregoing writing, which is set out in that count *in haec verba,* and the second special count declaring on a parol promise of the same import.

The appellant filed the general issue and to the first special count pleaded that the guaranty sued on was the special promise of defendant to pay the debt of another; that it was without consideration and, therefore, void. To the second special count she pleaded the statute of frauds. Appellee joined issue on these pleas, and on the trial the court instructed the jury to find the issue for the appellee and to assess its damages at $462.95, which it did, and judgment on the verdict followed.

There is no claim that the proof shows a liability

240    APPELLATE COURTS OF ILLINOIS.

B. & R. Brew. Co. v. Motycka, 163 Ill. App. 238.

on the part of the appellant, except on the writing set out in the first special count. This writing was executed after the debt had been created and after Voclav Motycka had given his note for it, and after he had made a payment of $2 on the note, and was no part of the transaction in which the debt was created, or in which the note was given. A guaranty made under that state of facts, if made without consideration, is not enforceable. The fact that it is under seal and recites a consideration does not prevent the want of consideration from being pleaded and proven. Gage v. Lewis, 68 Ill. 604; Rogers v. School Trustees, 46 Ill. 428; Bullen v. Morrison, 98 Ill. App. 669.

There was no money paid to appellant for signing this guaranty. The only consideration claimed by appellee to exist is an agreement to forbear to sue the husband of appellant on his note given for the debt mentioned in the guaranty in question. No express agreement to forbear is contained in the written guaranty or was made, but appellee contends such agreement must be inferred from the facts and circumstances surrounding the transaction. All there is in the record as to what the circumstances were surrounding the parties at the time the guaranty was signed is found in the testimony of the witness John F. Seitz, who was the manager of the appellee company. By his testimony it appears that Voclav Motycka, whose debt appellant agreed to be "responsible for," was a drunken, indolent person, as to whose financial responsibility the witness knew nothing; that the appellee supposed the appellant was "perfectly good and would pay;" that appellant had come to the office of appellee with a man named Scheller, who had bought out the saloon business of Voclav Motycka, and introduced him to the witness; that Scheller wanted to make arrangements with Seitz to do business and to get some money to buy a license; that Seitz, upon being told that Voclav Motycka had sold his saloon, asked appellant to pay

what her husband owed, which she said she would do. There was no threat to sue Voclav or to put his note in judgment, and no suggestion that such a course had been or was then contemplated, and no promise not to do so, but the conversation seems to have arisen solely from the fact that by the sale of the saloon the dealings between Voclav and the brewing company had come to an end. Seitz said to appellant: "You will pay the account if he doesn't. Here, give us that in writing." To which appellant replied, "All right, I will sign it for you," and she thereupon signed the guaranty in question. Before forbearance can be held to be the consideration for a guaranty the obligation must be mutual and reciprocal and binding on both parties, on the one hand to pay and on the other hand to forbear, the promise to forbear being as well the consideration for the promise to pay, as the promise to pay is the consideration for the promise to forbear. McMicken v. Safford, 197 Ill. 540.

Although a contract to forbear need not be in express terms or for an exact period of time, but the terms may be gathered from the circumstances surrounding the making of it and may be for a reasonable time, still it must exist and be enforceable before a promise to pay the debt of another can be held to be in consideration of forbearance. McMicken v. Safford, *supra*.

In the case at bar no action was taken to place the note given by Voclav Motycka in judgment, but mere forbearance is not enough, it must be in pursuance to a mutual agreement, the consideration being a promise for a promise. Shupe v. Galbraith, 32 Pa. 10; Webbe v. Ramona Oolitic Stone Co., 58 Ill. App. 222.

We have searched this record in vain to find any testimony from which an inference can be drawn that, by reason of anything said or done at the time of the signing of the guaranty in question by appellant, appellee made any promise or had any understanding

that it would not or should not pursue its claim against Voclav Motycka at any time it chose, but if any inference could properly be drawn from the conversation testified to by Seitz as having taken place at the time of the signing of the guaranty, in which Seitz said to appellant, ''You will pay the account if he doesn't. Here, give us that in writing,'' it would seem to be that the intention of the parties was that appellee should get it from Voclav, if possible, and only to call on appellant when it became apparent that Voclav would not pay, which would be wholly inconsistent with the idea of forbearance.

Forbearance being the only consideration appellee claims existed for the making of the guaranty, and no evidence of a contract for forbearance appearing in the record, it follows that the contract of guaranty was without consideration and is not enforceable.

The judgment of the court below is, therefore, reversed without remanding the cause with the finding of fact to be incorporated in the judgment that the contract of guaranty sued on was without consideration.

*Reversed with finding of facts.*